**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **J.H. and S.H.**

**No. 21-1002** (Kanawha County 21-JA-275 and 21-JA-276)


### MEMORANDUM DECISION


Petitioner Mother A.W., by counsel Brenden D. Long, appeals the Circuit Court of Kanawha County's November 24, 2021, order terminating her parental rights to J.H. and S.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Joseph A. Curia III, filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2021, the DHHR filed a petition alleging that petitioner had been arrested and charged as an accessory to murder after the fact and, by her own admission, was an "IV drug user" and abused methamphetamine. In August of 2021, petitioner stipulated that she had a substance abuse issue that prevented her from appropriately parenting the children and, based on her stipulation, the circuit court adjudicated petitioner as an abusing parent. Petitioner requested an improvement period, which the circuit court denied, finding that it "cannot find by clear and convincing evidence that [petitioner] will cooperate and substantially comply with the improvement period."

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

The circuit court held a dispositional hearing in November of 2021. Testimony presented by the DHHR established that petitioner's participation in services was sporadic and that she had been discharged from a rehabilitation program due to her refusal to comply with the rules of the program. Evidence also established that petitioner underwent a psychological evaluation and received an "extremely poor" prognosis for attaining minimally adequate parenting given her failure to acknowledge or address her substance abuse, her criminal involvement, and her "highly dysfunctional personality traits." Based on the testimony presented and the reports entered into the record, the circuit court found that petitioner's criminal charges substantially interfered with her parenting and were a factor that could not be remedied through services and that petitioner refused to accept responsibility for her actions and minimized them, making it unlikely that an improvement period would aid her in remedying the conditions of abuse and neglect. The court concluded,

> I think termination is in the best interest of the children. It's the least-restrictive available alternative based on [petitioner's] noncompliance, particularly as it relates to the [drug treatment] program. There are no services that we can offer to remedy the conditions of abuse and neglect in the foreseeable future, and I do believe that termination will promote permanency for the children.

Petitioner appeals the circuit court's November 24, 2021, dispositional order terminating her parental rights.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in (1) denying her an improvement period, (2) terminating her parental rights, and (3) denying her post-termination visitation with the children. We disagree. A parent's "entitlement to an improvement period is conditioned upon the

---

[2]The father's rights were also terminated below. The permanency plan for the children is adoption in their current placement.

ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). Here, petitioner only sporadically complied with services and was discharged from her drug treatment program due to her refusal to comply with the rules. Moreover, petitioner failed to acknowledge her responsibility for the abuse and neglect. We have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Given this evidence, we find that the circuit court did not abuse its discretion in denying petitioner an improvement period, as she failed to demonstrate that she was likely to fully participate in the same.

We likewise find no error in the circuit court's termination of petitioner's parental rights. Importantly, petitioner does not raise any issue with the circuit court's findings surrounding disposition and simply argues that she should have been granted an improvement period. As noted above, petitioner only sporadically complied with services and failed to complete drug treatment or otherwise remedy the conditions of abuse and neglect. Moreover, petitioner was subject to home incarceration and was awaiting trial on a charge of accessory to murder after the fact. And, importantly, petitioner minimized her actions and failed to accept responsibility for the abuse and neglect of the children. As such, it is clear that the court had ample evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect at issue. *See* W. Va. Code § 49-4-604(d)(1) (indicating that there is no reasonable likelihood conditions can be corrected when the abusing parent has "habitually abused or [is] addicted to . . . controlled substances or drugs"). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find no error in the termination of petitioner's parental rights.

Lastly, we find no error in the circuit court's decision to deny petitioner post-termination visitation with the children. The court found that, given the children's tender years, continued visitation with petitioner was not appropriate. We agree given the facts and circumstances of this case and, therefore, find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 24, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn